Hon. Catherine M. Abate Chairperson, New York State Crime Victims Board
Your counsel has asked whether the Crime Victims Board has authority to leave vacant the position of secretary to the Board and have the secretary's duties carried out by other Board employees.
The Crime Victims Board is established by article 22 of the Executive Law (Executive Law, §§ 620-635). The Board consists of five members appointed by the Governor with the advice and consent of the Senate (id.,
§ 622[1]). The Board is granted a wide range of powers and duties to carry out its mission of providing aid, care and support for innocent persons who suffer as a result of criminal acts (id., §§ 620, 623). Chief among those duties is the investigation of claims and determination of awards to persons who have suffered injury or monetary loss due to criminal acts (id., § 623[5]).
Section 623 of the Executive Law also provides as follows:
 "The board shall have the following powers and duties:
. . .
 "2. To appoint a secretary, counsel, clerks and such other employees and agents as it may deem necessary, fix their compensation within the limitations provided by law, and prescribe their duties" (id.,
§ 623[2]).
The secretary is charged with various administrative duties under the Executive Law: claims by crime victims for awards are filed with the secretary (id., § 625[3]); Board members file their decisions on applications for awards with the secretary (id., § 627[6]); and the Board files its decisions pursuant to section 628 with the secretary who then notifies the claimant and the State Comptroller of the decision (id., § 628[3]).
The Board's regulations also give the secretary certain duties and responsibilities (9 NYCRR §§ 525.2, 525.4, 525.15). In addition, the regulations provide that in the absence of a secretary, "all functions and duties set forth in the Executive Law of the State of New York and/or this Part, as they relate to the position of secretary, shall be performed by the chairman" (9 NYCRR § 525.22[a]). The chairman in turn, is authorized to delegate any of these duties to administrative employees of the Crime Victims Board (ibid.).
Counsel's letter indicates that the position of secretary has been vacant since December, 1988 and the responsibilities of the position are being handled by other Board employees. The question, as stated in counsel's letter, is whether the Board is in violation of the Executive Law by operating without a secretary, and whether the Board may delegate the responsibilities of the secretary to other staff.
Initially, we note that the list contained in section 623 under the rubric "Powers and duties of the board" contains a mix of both duties — which must be carried out by the Board — and powers, or authorizations — which may be exercised at the Board's option. For example, the hearing and determination of claims, the adoption and promulgation of regulations to carry out the provisions of the Executive Law and the issuance of an annual report to the Governor on the Board's activities are duties, in that the Board is obliged under the law to act in these areas (Executive Law, § 623[3], [5], [20]). The establishment of branch offices and the ability to request pertinent information from law enforcement agencies, on the other hand, are powers which the Board can exercise at its discretion; action in these areas is not mandated by section 623 (id., § 623[1], [4]).
The secretary's function is to provide administrative support to the Board. Although the Executive Law charges the secretary with certain duties — acceptance of filed claims; acceptance of Board decisions; notifying claimants of Board decisions — these duties are entirely ministerial and do not involve the exercise of any discretionary authority. The secretary does not have an independent advisory role; he/she only carries out the ministerial functions of the Board. These duties can be carried out by any employee of the Board.*
In our view, this indicates a statutory intent that the appointment of a secretary is an authorization rather than a mandate.
We conclude that the Executive Law authorizes the Crime Victims Board to operate without a secretary as long as the secretary's duties are carried out by the Board's administrative personnel.
* The Board has already adopted this pragmatic approach, as illustrated by the provision in the regulations which allows the chairman, in the absence of a secretary, to delegate the secretary's duties to administrative employees of the Board.